## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MARCUS MARCHMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.: _____** |
| **v.** | ) | |
| | ) | **(Removed from the Superior Court of** |
| | ) | **Cobb County, Georgia Civil Action No.** |
| **AMERIHOME MORTGAGE** | ) | **20-1-1498)** |
| **COMPANY, LLC; CENLAR,** | ) | |
| **FSB; PHELAN HALLINAN,** | ) | |
| **DIAMOND & JONES, PLLC** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>NOTICE OF REMOVAL</u>

Defendants AmeriHome Mortgage Company, LLC ("AmeriHome") and

Cenlar FSB ("Cenlar" and collectively "Removing Defendants"), by and through

their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446,

hereby give notice of the removal of this action to the United States District Court

for the Northern District of Georgia, Atlanta Division. As grounds for this removal,

Defendants state as follows:

### I.   Background

1.   On or about February 27, 2020, Plaintiff Marcus Marchman

("Plaintiff"), acting *pro se*, filed a Complaint against only Defendant AmeriHome

in the Superior Court of Cobb County, Georgia, Case No.: 20-1-1498 ("Original

Complaint").  This Original Complaint was served only on Defendant AmeriHome[1] and did not contain any basis for removal to federal court.

2.    On March 23, 2020, Plaintiff filed a "First Amended Complaint" that named Defendants AmeriHome, Cenlar, and Phelan, Hallinan, Diamond & Jones, PLLC (the "Amended Complaint").[2]

3.    Plaintiff's Amended Complaint explicitly states causes of action against Defendants under 12 C.F.R. § 1024.41 and 15 U.S.C. 1692. (See Am. Compl., Ninth Cause of Action, following paragraph 66, and Tenth Cause of Action, paragraph 79). The Amended Complaint also seeks damages in the amount of "over $100,000 but not more than $2,000,000." (See Am. Compl., Prayer).[3]

4.    The Superior Court of Cobb County is a state court within this district and division.

5.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3), which provides as follows:

> Except as provided in subsection (c), if the case stated by the
> initial pleading is not removable, a notice of removal may be

---

[1] Although AmeriHome may have been served with process, Plaintiff filed the affidavit of service in the Superior Court of Cobb County on March 27, 2020.  Thus, AmeriHome's response to the Original Complaint in the state court would not be due until April 27, 2020.  See O.C.G.A. 9-11-4(h).  Further, Plaintiff's filing of the Amended Complaint superseded his Original Complaint.

[2] All pleadings that have been filed in the State Court Action that are available on the online docket for Cobb County, Georgia, are attached hereto as **Exhibit A**.

[3] The Amended Complaint contains no page numbers and only sporadic enumerated paragraphs, making it difficult to cite to.

> filed within 30 days after receipt by the defendant, through
> service or otherwise, of a copy of an amended pleading, motion,
> order or other paper from which it may first be ascertained that
> the case is one which is or has become removable.

6.     The filing of the Amended Complaint is when this matter first became

removable to federal court.  The Amended Complaint has not been served on either

AmeriHome or Cenlar.  Thus, this removal is timely.

## II.     Federal Question Jurisdiction

7.     Pursuant to 28 U.S.C. § 1331, as amended, the "district courts shall

have original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States."   The determination of whether federal question

jurisdiction exists is generally provided by the "well-pleaded complaint" rule which

provides that federal jurisdiction exists when a federal question is presented on the

face of the plaintiff's properly pleaded complaint.  *Caterpillar, Inc. v. Williams*, 482

U.S. 386, 392 (1987).  "A civil action filed in a state court may be removed to federal

court if the claim is one 'arising under' federal law."  *Beneficial Nat'l Bank v.

Anderson*, 539 U.S. 1, 6 (2003).  In order to determine whether a complaint "arises

under" federal law, a court must examine the "well pleaded" allegations of the

complaint.  *Id*.  A suit arises under the Constitution and laws of the United States

only when the plaintiff's statement of his own cause of action shows that it is based

upon federal law or the Constitution.  *Id*.  Accordingly, a case is generally removable

if "a federal question is presented on the face of the plaintiff's properly pleaded

complaint." *Lindley v. F.D.I.C.*, 733 F.3d 1043, 1050 (11th Cir. 2013) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

8.      Here, Plaintiff's Amended Complaint explicitly alleges that Defendants violated the Real Estate Settlement Procedure Act, specifically, 12 C.F.R. § 1024.41. (*See* Am. Compl., Ninth Cause of Action, following paragraph 66.).  Plaintiff also alleges violation of 15 U.S.C. § 1692. (*See id.*, Tenth Cause of Action, paragraph 79). As such, Plaintiff is unquestionably seeking to avail himself of a federal right under the laws of the United States, and thus, he has brought a civil action "arising under" the laws of the United States.

9.      Plaintiff's Original Complaint did not assert any federal cause of action, nor did it provide any specific monetary demand for relief or seek injunctive relief.[4] As such, the Original Complaint did not arise under the laws of the United States.

---

[4] Plaintiff apparently filed a one-sentence, handwritten "Emergency Petition for [a] Temporary Injunction" on March 3, 2020, but this item was not served on any Defendants and does not specify what relief was sought or come close to establishing a basis for injunctive relief under either the Georgia or Federal standard.  There was no injunction order issued by the state court and no hearing was held.  Finally, the foreclosure sale occurred on March 3, 2020 (as acknowledged by Plaintiff in his Amended Complaint) so the request for any injunctive relief is moot.  *See Crawford v. Ocwen Loan Servicing, LLC*, 805 S.E.2d 119, 121 (Ga. Ct. App. 2017) ("[W]hen the injunctive relief sought by the plaintiffs is to stop a foreclosure, the requested injunctive relief can no longer be granted once the foreclosure sale has taken place, *and the issues raised in the petition are moot*); *Johnson v. U.S. Bank, N.A.*, No. 1:14-cv-2133-CC-JCF, 2014 WL 12378800, at *4 (N.D. Ga. Oct. 9, 2014) ("request for injunctive relief is moot since the foreclosure has already taken place.").

10.     Plaintiff's claims did not arise under the laws of the United States until he alleged federal causes of action in his Amended Complaint, which was filed on March 23, 2020. The Removing Defendants' removal is timely because it was filed within thirty days of March 23, 2020.  Co-Defendant Phelan was served with the Amended Complaint on March 25, 2020.  The Removing Defendants have not even been served with the Amended Complaint, but this Notice of Removal is filed within 30 days of the filing of the Amended Complaint, so the removal is unquestionably timely.  *See Bailey v. Janssen Pharm., Inc*., 536 F.3d 1202, 1209 (11th Cir. 2008).

11.     Finally, this Court has supplemental jurisdiction over Plaintiff's other causes of action asserted in the Amended Complaint pursuant to 28 U.S.C. § 1367(a) because those claims arise out of, and form part of, the same case or controversy as Plaintiff's federal claims. Therefore, this entire case is removable pursuant to 28 U.S.C. § 1441(a).  Removal is proper based upon federal question.

## III.   Diversity Jurisdiction

12.     This Court also has original diversity jurisdiction over this action under 28 U.S.C. § 1332.

13.     Section 1332 provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

14.    Here, both requirements for original diversity jurisdiction under 28 U.S.C. § 1332 are satisfied under the Amended Complaint.

**A.  *Complete Diversity of Citizenship Exists Between Plaintiff and the Defendants.***

15.    Complete diversity exists here because Plaintiff is not a citizen of the same state as any of the Defendants.

16.    Plaintiff is a resident and citizen of the state of Georgia. (Compl., p. 1).

17.    AmeriHome is a limited liability company. For diversity jurisdiction purposes, "a limited liability company is considered to be a citizen of every state and country of which its members are citizens." *Hedge Capital Invs. Ltd. v. Sustainable Growth Grp. Holdings LLC*, 593 F. App'x 937, 940 (11th Cir. 2014).  Defendant AmeriHome is a Delaware limited liability company, and its sole member is Aris Mortgage Holding Company, LLC. The sole member of Aris Mortgage Holding Company, LLC is A-A Mortgage Opportunities, LP. A limited partnership is a "citizen of any state in which any of its partners is a citizen." *Ellison Steel, Inc. v. Greystar Constr. LP*, 199 F. App'x 324, 327 n.3 (5th Cir. 2006). None of A-A Mortgage Opportunities, LP's partners are a citizen of Georgia.   Therefore, AmeriHome Mortgage, LLC is not a citizen of the State of Georgia for diversity purposes.

18.    Defendant Cenlar is federal savings bank with its principal place of business in Ewing, New Jersey. A federal savings bank is a citizen of the State in

which it has its home office. 12 U.S.C. § 1464(x).  Accordingly, Cenlar is a citizen of New Jersey for diversity purposes.

19.    Defendant Phelan Hallinan Diamond and Jones is a professional limited liability company. "[A] limited liability company is considered to be a citizen of every state and country of which its members are citizens."  *Hedge Capital Invs. Ltd.*, 593 F. App'x at 940.   None of the members of Phelan are citizens of Georgia. Accordingly, Phelan does not have citizenship in Georgia for purposes of determining diversity jurisdiction.

20.    Defendant Phelan Hallinan has executed a consent to removal.  (*See* **Exhibit B**).

21.    Accordingly, there is complete diversity between Plaintiff and Defendants.

**B.  *The Amount in Controversy Exceeds the Jurisdictional Amount.***

22.    Diversity jurisdiction requires an amount in controversy of greater than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

23.    In his Amended Complaint also seeks damages in the amount of "over $100,000 but not more than $2,000,000." (*See* Am. Compl., Prayer).

24.     Additionally, and separately, Plaintiff seeks to quiet title and a declaration that none of the Defendants have any interest or enforceable lien in the

property. (*See* Amended Complaint, Sixth Cause of Action,[5] Eleventh Cause of Action, paras. 83-84,[6] Prayer).

25.     Such allegations involve the entire property value as the "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961). For this additional reason, the value of the entire property is at issue and the amount in controversy exceeds the jurisdictional amount required.

26.     Current tax records from the Board of Assessors for Cobb County, Georgia reflect that the 2019 assessed value (which is the most recent data available) of the subject property at 110 Mayes Farm Rd. NW in Marietta, Georgia, is $355,890. (*See* tax assessment record of Cobb County, Georgia, attached hereto as

---

[5] Plaintiff alleges that "Defendants are without any legal right whatsoever, and Defendants have no estate, title, lien or interest in or to the Real Property, or any part of the Real Property."

[6] Plaintiff seeks to quiet title and that "Defendants be declared to have no interest estate, right, title or interest in the subject property and … be forever enjoined from asserting any estate, right title or interest in the Subject Property." (Para. 84).

**Exhibit C**).[7] Therefore, the amount in controversy is at least $355,890, based on the fair market value of the Property.

27.     Therefore, because there is complete diversity of citizenship between Plaintiff and the properly joined Defendants and because the amount in controversy is greater than $75,000, this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper.

## IV.    All Other Requirements for Removal are Satisfied

28.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

29.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Superior Court of Cobb County, Georgia, the forum in which the Civil Action was pending.

30.     The Defendants have heretofore sought no similar relief.

31.     Removal at the present time will not result in any prejudice to Plaintiff.

---

[7] The Court can take judicial notice of the records maintained by the Cobb County Board of Tax Assessors pursuant to Fed. R. Evid. 201.  *See also Fuller v. Suntrust Mortg., Inc.*, No. 1:13–CV–3924–TWT, 2014 WL 3887916, at *7 n.8 (N.D. Ga. Aug. 6, 2014) (taking judicial notice of county property tax records for amount in controversy determination); *Pah v. JPMorgan Chase Bank, N.A.*, No. 1:12–CV–4071–JEC, 2014 WL 1683332, at *2 (N.D. Ga. Apr. 29, 2014) (relying, in part, on Cobb County Tax Assessor's valuation of property for amount in controversy); *Baker v. Select Portfolio Serv., Inc.*, No. 1:12–CV–03493–JEC, 2013 WL 4806907, at *4 n.5 (N.D. Ga. Sept. 9, 2013) (finding amount in controversy satisfied by the value of the property where most recent tax assessment exceeded $75,000).

32.    Defendants reserve the right to amend or supplement this Notice of Removal.

33.    A copy of this Notice is being filed with the Clerk of the Superior Court of Cobb County, Georgia, as provided under 28 U.S.C. § 1446, as shown by **Exhibit D** attached hereto.

**WHEREFORE,** Defendants AmeriHome Mortgage Company, LLC and Cenlar FSB request that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court of Cobb County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 22nd day of April, 2020.

/s/Keith S. Anderson

Keith S. Anderson (GA Bar No. 136246)
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@bradley.com
*Attorney for Defendants Amerihome Mortgage Company, LLC and Cenlar FSB*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(B).

/s/ Keith S. Anderson

## **CERTIFICATE OF SERVICE**

I certify that I have on this day served a true copy of the foregoing Amended Notice of Removal by depositing a copy of the same in regular U.S. Mail, with adequate first-class postage affixed thereto, addressed as follows:

Marcus Marchman
110 Mayes Farm Rd. NW
Marietta, Georgia 30064
*Pro Se* Plaintiff

This 22nd day of April, 2020.

/s/ Keith S. Anderson
Keith S. Anderson
GA Bar No. 136246